MILLER *v.* THE STATE OF IOWA.

The act allowing a change of venue in suits pending before justices of the
    peace, approved January 24, 1853, applies to criminal, as well as civil,
    cases.
Where an affidavit for an appeal in a criminal case, shows error, which is not
    controverted by the return of the justice, the appellant should be granted a
    new trial.

*Error to the Mahaska District Court.*

THIS was a complaint entered before a justice of the
peace, against the defendant, for an assault and battery.
The defendant filed a proper affidavit for change of venue,
which was refused, upon the ground that the act of 1853,
(stat. 1853, 94), does not apply to criminal cases.   The trial
proceeded before the justice, and the defendant was con-
victed.   He filed an affidavit of facts, and appealed.   In
the District Court, the judgment of the justice was affirmed.

*Crookham & Fisher*, for the plaintiff in error.

*Samuel A. Rice*, (Atty. Genl.,) for the State.

WOODWARD, J.—We think the District Court erred in
holding that the act of January 24, 1853, allowing a change
of venue before a justice, did not apply to criminal cases.
The Code did not allow such change of venue, and this act
was designed to remedy the supposed evil.   It must apply
to criminal as well as civil causes.

The District Court should have granted the defendant a
trial in that court, on his affidavit for appeal.   This is suffi-
cient, unless controverted by the return of the justice, which
is not the case in this instance.   *State* v. *Garretson, ante.*
In this there was error, and the judgment is reversed.